IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.; PPV ENTERTAINMENT, LLC.<br><br>    Plaintiffs<br><br>vs.<br><br>JOHN DOE, JANE DOE AND THEIR MARITAL PARTNERSHIP D/B/A TOMATE<br><br>    Defendants | CASE NO.<br><br>RE: CIVIL ACTION VIOLATION OF 47 USC §553, 47 USC §605 AND 17 USC §101 et seq. |

**COMPLAINT**

COME NOW Plaintiffs, Joe Hand Promotions, Inc. (hereinafter "JHP") and PPV Entertainment, LLC. (hereinafter "PPVE"), through its undersigned attorney, and respectfully alleges and prays as follows:

**JURISDICTION**

1. This action arises under the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 and the Copyright Act of the United States, as amended, 17 U.S.C. §101 et seq.

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331.

3. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) as these claims arose in this district.

4. Plaintiff, PPVE, is a limited liability company organized and existing under the laws of the Commonwealth of

Puerto Rico and is authorized to conduct business within said Commonwealth.

5. Defendants, John Doe, Jane Doe and their marital partnership, are persons who, upon information and belief, are the owners, partners, managers, agents or employees of the business known as TOMATE, located in Carolina, Puerto Rico.

## FACTS

6. On September 14, 2024 the closed-circuit telecast of the Canelo v. Berlanga boxing program (hereinafter the "Event") was broadcast from the T-Mobile Arena in La Vegas, Nevada.

7. Joe Hand Promotions, Inc. ("JHP") is the sole proprietary owner of the copyright over the Event, including the undercard or preliminary bouts of the Event.

8. PPVE has the exclusive license to distribute for commercial gain the closed-circuit broadcast of the Event to various business establishments throughout Puerto Rico, such as theaters, arenas, bars, clubs, lounges, restaurants and the like.

9. The closed-circuit broadcast of the Event was not intended for the use of the general public. In Puerto Rico, the closed-circuit broadcast of the Event could only be

exhibited in a commercial establishment if said establishment was contractually authorized to do so by PPVE.

10. As exclusive license owner of the Event, PPVE marketed and distributed the closed-circuit rights granted to it through its agents and thus contracted with various establishments throughout Puerto Rico and granted to such establishments the right to broadcast the Event in exchange for a fee.

11. The transmission of the Event was electronically coded or scrambled. Therefore, in order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12. The transmission of the Event was available to the defendants to purchase for exhibition in his establishment. However, defendants did in fact receive and transmit the Event without contracting with PPVE or any of its agents, and without paying the fee to obtain the rights to exhibit said Event.

13. The establishments which contracted with PPVE to transmit the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

14. On September 14, 2024, in violation of JHP and PPVE's rights and federal law, the defendants willfully intercepted and/or received the interstate communication of the Event or, in the alternative, assisted in the receipt of the interstate communication of the Event.

15. The defendants thereafter transmitted, divulged and

broadcasted said communication, or assisted in transmitting, divulging and broadcasting said communication, to patrons in their establishment.

16. The defendants misappropriated JHP and PPVE's licensed exhibition of the Event and infringed upon PPVE's exclusive rights while avoiding payment of the appropriate fee to PPVE.

17. Defendants' actions were committed willfully and with the express purpose and intent to secure commercial advantage and private financial gain.

18. The defendants enabled the patrons within his establishment to view the Event, to which neither the defendants nor the patrons of his establishments were entitled to.

19. The persons whom defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed an authorized by PPVE and had paid the appropriate fees.

20. The defendants were not authorized to intercept, receive or broadcast the communication of the Event or to assist in such actions in any form or at any time.

**FIRST CLAIM**
**VIOLATION OF 47 U.S.C. §553**

21. JHP and PPVE hereby incorporate the allegations set forth in Paragraph 1 through 20 above as if the same were fully set forth and re-alleged herein.

22. The Communications Act of 1934, as amended, 47 U.S.C. §553(a)(1) provides in part:

>"No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

23. The defendants in this case intercepted and/or received the transmission of the Event through a cable system. Therefore, defendants' wrongful actions in connection with the Event, as described above, were in violation of section 553(a)(1).

24. Furthermore, 47 USC §553(c)(1) provides that "[a]ny person aggrieved by any violation of subsection (a)(1) (of said section 553) may bring a civil action in a United States district court to, among other remedies, recover damages, costs, including reasonable attorneys' fees to an aggrieved party who prevails."

25. JHP and PPVE are aggrieved parties by defendant's willful violations of section 47 USC §553(a)(1).

26. As a result of defendants' wrongful acts, JHP and PPVE are entitled to recover against each defendant statutory damages in the maximum amount of Ten Thousand Dollars ($10,000.00) pursuant to 47 USC §553(c)(3)(A)(ii) and further prays that said damages be increased in the Court's discretion to a sum not less than Fifty Thousand Dollars ($50,000.00), against each of the defendants pursuant to 47 USC §553(c)(3)(B) for defendant's willful violation of the law for purposes of commercial advantage or private financial gain. Further, plaintiff prays that full costs, including reasonable attorney's fees, pursuant to 47 USC § 553(c)(2)(C) be recovered from each defendant.

## SECOND CLAIM
## VIOLATION OF 47 USC §605

27. Plaintiffs hereby incorporate the allegations contained in Paragraph 1 through 26 above as if same were fully forth and re-alleged herein.

28. The Communications Act of 1934, as amended, 47 USC § 605 (a) provides in part:

> "...No person not being authorized the sender shall intercept any radio communication and divulge or publish the existence, content, substance, purport, effect or meaning of such interpreted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence contents, substance, purport, effect or meaning of such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto..."

29. The defendants in this case intercepted and/or received the transmission of the Event through a radio or satellite system. Therefore, defendants' wrongful actions in connection with the Event, as described above, were in violation of Section 605(a).

30. Furthermore, 47 USC 605 (e)(3)(A) provides that any person aggrieved by any violation of subsection (a) (of said section 605) may bring a civil action in a United States district court, to among other remedies, recover damages, costs, including reasonable attorneys' fees to an aggrieved party who prevails.

31. JHP and PPVE are aggrieved parties by defendant's willful violations of 47 USC §605(a).

32. As a result of defendants' wrongful acts, JHP and PPVE are entitled to recover against defendant statutory damages in the maximum amount of Ten Thousand Dollars ($10,000.00) pursuant to 47 USC §605(e)(3)(C)(II) and further prays that said damages be increased in the Court's discretion to a sum not less than One Hundred Thousand Dollars ($100,000.00) against each defendant pursuant to 47 USC §605(e)(3)(c)(II), for their willful violation of the law for purposes of commercial advantage or private financial gain. Further, plaintiff prays that full costs, including reasonable attorneys fees, pursuant to 47 USC§605(e)(3)(B)(iii) be recovered from defendant.

**THIRD CLAIM**
**VIOLATION OF COPYRIGHT ACT**
**OF THE UNITED STATES17**
**U.S.C. §101 et seq.**

33. Plaintiffs repeat and re-allege the previous paragraphs as if set forth herein at length.

34. Defendants authorized the exhibition of the Event without legal authority to do so. This constitutes a copyright infringement of Plaintiffs rights over the Event.

35. Through their infringing acts, defendants have deprived plaintiffs from revenues and benefits to which Plaintiffs are entitled from licensing the broadcasting and exhibition of the copyrighted Event.

36. Plaintiffs request and injunction restraining defendants, its agents, all persons acting on its behalf, and all other firms, corporations, subsidiaries and entities from transmitting or retransmitting the

Event in violation of Plaintiffs' rights pursuant to the Copyright laws of the United States. Plaintiffs have no adequate remedy at law or equity to enjoin defendants from further engaging in the transmission of unauthorized performance.

37. Plaintiffs hereby request recovery of damages in no less than $150,000.00 for each of defendants' infringing actions.

38. Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter judgment ordering that:

  a) Pursuant to Section 502 of the Copyright Act, defendants, its agents, servants, employees, representatives, persons, corporations, subsidiaries and all other entities acting on its behalf, or in concert with it, be enjoined permanently, from engaging in any future acts in direct or indirect violation of JHP or PPVE and their rights pursuant to the Copyrights laws of the United States.

  b) Pursuant to Section 504 of the Copyright Act, that defendants be required to pay to the Plaintiffs the greater of (i) such damages as the Plaintiffs have sustained due to defendant's copyrights infringements in addition to all and any profits, gains and benefits acquired by defendant attributable to the above-referenced infringements or (ii) that statutory damages for no less than One Hundred and Fifty Thousand Dollars ($150,000.00) for each copyright infringement incurred in the exhibition of the Event and others that may be identified upon discovery particularly in light of defendants' demonstrated contempt for the statutory scheme of the Copyright law.

c) That pursuant to Section 553 of the Communications Act, defendants be required to pay statutory damages in the maximum amount of Ten Thousand Dollars ($10,000.00). Plaintiffs further pray that said damages be increased in the Court's discretion to a sum not less than Fifty Thousand Dollars ($50,000.00), against each of the defendants pursuant to 47 USC §553(c)(3)(B) for defendant's willful violation of the law for purposes of commercial advantage or private financial gain.

d. That defendant be required to pay full litigation costs, including reasonable attorney's fees

e. Pursuant to Section 605 of the Communications Act, defendants be required to pay statutory damages in the maximum amount of Ten Thousand Dollars ($10,000.00). Plaintiffs further request that said damages be increased in the Court's discretion to a sum not less than One Hundred Thousand Dollars ($100,000.00) against each defendant pursuant to 47 USC §605(e)(3)(c)(II), for their willful violation of the law for purposes of commercial advantage or private financial gain. f) That defendants file appropriate reports accounting for all gains, profits, and advantages derived from its infringing acts and for its other violations of law.

g) That defendants be permanently enjoined from altering, arranging, adding, modifying or breaching the integrity of the event owned by Plaintiffs.

h) Pursuant to Section 505 of the Copyright Act, as amended, 17 U.S.C.A. §505, plaintiffs are entitled to and hereby request that they be allowed to recover the full costs of the present litigation,

including but not limited to, reasonable attorney's fees.

i) any such other relief deemed appropriate by this court.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 15th day of September 2025.

**ORTEGA & RUIZ, LLC**
VIG Tower
1255 Ave. Ponce de León
Suite 1504
San Juan, PR 00907
Tel. (787) 908-1537
Email:
mortega@orlegalgroup.com

*s/Miguel J. Ortega Núñez*

Miguel J. Ortega Núñez
USDC-PR No. 220609

/s/Mayra I. Ruiz Muñiz
MAYRA I. RUIZ MUÑIZ
USDC-PR 222903
mruiz@orlegalgroup.com
(787) 214-4556